UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES THREATT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO.  1:05cv117 |
| ) | |
| RESIDENTIAL CRF, INC.  and/or ) | |
| CRF FIRST CHOICE, INC., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on "Defendants' Objection to Magistrate Judge's Order", filed on October, 11, 2005.  For the following reasons, the objection will be denied.

Discussion

On February 23, 2005, plaintiffs James Threatt, Natasha Threatt, and Janet Miller filed a complaint in the Allen Superior Court "on behalf of themselves and others similarly situated," alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to properly pay them for overtime.  On March 31, 2005, the defendants removed the action to this court, and on June 6, 2005, all parties stipulated to dismiss defendant REM Indiana Community Services II.  This action was conditionally certified as a collective action under the FLSA on August 31, 2005, with respect to a class solely composed of the 12-7 Direct Care Staff employed in the defendants' Fort Wayne group homes during the time period beginning April 1, 2002, and ending December 31, 2003.  This August 31, 2005 order also instructed the plaintiffs to "submit a proposed notice to the Court for its review and approval prior to contacting potential plaintiffs."

However, as early as May 27, 2005, prior to the class being conditionally certified,

plaintiffs began filing consent forms of individuals who desired to opt-in to the action.  These potential plaintiffs were not sent written notices, but had informally heard of the lawsuit and contacted plaintiffs' counsel requesting to be included in the case.  The plaintiff's counsel then sent consent forms to these potential plaintiffs.  Neither the defendants nor the court were notified of the plaintiffs' intent to file the consent forms or provided with an opportunity to review the language of the consent form prior to its use.  Ultimately, the plaintiffs filed the consent forms of twenty-six potential plaintiffs prior to the action's certification as a collective action and two additional consents thereafter.  Finally, on September 13, 2005, the plaintiffs filed a proposed form of notice and consent for the defendants' review in compliance with the August 31, 2005 order.

On August 29, 2005, the defendants filed a motion to strike the consent forms filed by the plaintiffs of those individuals purporting to opt-in as plaintiffs to this collective action.  The defendants argued that the plaintiffs (1) failed to inform the defendants of their intent to notify potential class members, (2) neglected to provide the defendants with the proposed language of the notice, and (3) filed the consent forms prior to obtaining leave from the court to do so.  In an order filed October 4, 2005, Magistrate Judge Cosbey denied the defendants' motion to strike.  The defendants have now objected to Magistrate Judge Cosbey's ruling, claiming that the ruling is contrary to Seventh Circuit law as set forth in Woods v.  New York Life Ins.  Co., 686 F.2d 578, 580 (7th Cir.  1982).

In Woods, the Seventh Circuit Court of Appeals stated:
> Before this suit was filed, Woods had sent invitations to other members of the class to join with him, and New York Life does not challenge his right to do this.  After suit was filed, however, we do not think it would have been proper for Woods or his counsel to

2

> have sent out such invitations without first communicating to the
> defendant's counsel his intention to do so, so that the defendant's
> counsel would have an opportunity to verify the accuracy of the
> notice and, if he wished, to move for an order amending the notice
> or limiting its distribution in an appropriate manner.  We cannot
> find any express basis in rule or statute for inferring either the duty
> of the plaintiff's counsel to notify the defendant's counsel in this
> manner or the power of the district court to regulate the content
> and distribution of the notice to potential class members; but we
> think both the duty and the power may fairly be inferred from
> section 16(b) itself and from Rule 83 of the Federal Rules of Civil
> Procedure, which provides that "in all cases not provided for by
> rule, the district courts may regulate their practice in any manner
> not inconsistent with" the Federal Rules.  Once a section 16(b)
> action is commenced, the defendant has a vital interest in, and the
> court a managerial responsibility regarding, the joinder of
> additional parties plaintiff, and these concerns support the modest
> duty and power that we infer.

686 F.2d at 580.   After discussing <u>Woods</u>, Magistrate Judge Cosbey noted:

> Both *Woods* and *Heitmann v. City of Chicago*, No. 04 C 3304, 2004 WL
> 1718420 (N.D. Ill. July 30, 2004), another case cited by Defendants in support of
> its position, entailed situations where written notice of the collective action was
> sent in mass to potential class members via direct mail or newsletter.  Here, the
> facts are readily distinguishable, as the evidence indicates that a potential plaintiff
> was sent a consent form *only after* that potential plaintiff had first informally
> heard about the case and then contacted Plaintiffs' counsel and requested to join
> the suit.  While indeed this Court has the responsibility and discretion to manage
> collective actions, *see Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009, 1012
> (N.D. Ind. 2005), stymieing Plaintiffs from informally discussing their case with
> others potentially similarly situated would seem to extend this authority too far.
> Defendants have produced no evidence indicating that a potential plaintiff was
> sent a consent form, or some other type of written communication or notice from
> Plaintiffs or Plaintiffs' counsel, until *after* he or she had first initiated contact with
> Plaintiffs' counsel and requested to join the action.  Thus, the *Woods* rule does not
> appear to apply here.
>
> Instead, persuasive guidance can be found in *Wertheim v. State of Arizona*,
> No. CIV 92-453 PHX RCB, 1993 WL 603552, at *8 (D. Ariz. Sep. 30, 1993).  In
> *Wertheim*, the defendants moved to strike the consent forms of potential plaintiffs
> in an FLSA collective action because they were filed before the court authorized
> and approved the form of notice to the class. *Id*.  The court, however, disagreed,
> pointing to Section 256(b) of the FLSA, which requires only that a "written

3

consent [be] filed in the court in which the action was commenced." *Id*. (quoting 29 U.S.C. § 256(b)); *see also* 29 U.S.C. § 216(b). More specifically, the court emphasized:

> There is no express statutory requirement that consents may only be filed after the court authorizes notice. Moreover, given that, as a general rule, the statute of limitations runs until a claimant files a consent form, and given that a court later can strike consents if a basis for doing so is established, the court is reluctant to conclude that [S]ection 256(a) per se forbids the filing of consents until after the court authorizes notice.

*Wertheim*, 1993 WL 603552, at *8; *see also Melendez Cintron v. Hershey P.R., Inc.*, 363 F. Supp. 2d 10, 17 (D.P.R. 2005) (emphasizing that "there are no specific requirements concerning the time when a notice of consent should be filed under Section 16(b) of the FLSA"). The Court recognizes that this distinction is problematic; if evidence existed that Plaintiffs or their counsel had embarked on some type of subtle e-mail solicitation effort, telephone call campaign, or some other covertly-organized method to notify potential plaintiffs, *Woods* may indeed apply here. However, lacking any such evidence, the Court is hard-pressed to strike the filed consent forms, considering the broad language of the FLSA addressing consents of opt-in plaintiffs. *See* 29 U.S.C. §§ 216(b), 256(b); *see generally Hoffman-LA Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 181 (1989) (declining to disturb district court's denial of defendant's request to invalidate consents that were obtained and filed without court approval); *El v. Potter*, No. 01 Civ. 6125(RWS), 2004 WL 2793166, at *12 (S.D.N.Y. Dec. 6, 2004) (refraining from striking consent forms of opt-in plaintiffs based on defendant's assertion that they were improperly or illegally obtained).

Furthermore, as *Wertheim* hints, if the Court were to strike the filed consent forms, an equitable tolling dilemma with respect to the statute of limitations for these potential plaintiffs would likely develop, because the action is not commenced with respect to an opt-in plaintiff until his or her consent is filed. *See Wertheim*, 1993 WL 603552, at *8; *Camp v. Progressive Corp.*, No. Civ. A. 01-2680, Civ. A. 03-2507, 2004 WL 2149079, at *15 n.7 (E.D. La. Sep. 23, 2004) (commenting that where the court did not allow the filing of consents until the action was certified, "the court would have to address whether to apply equitable tolling at least during the pendency of the action to the limitations period of any opt-in plaintiffs, who had been prevented by the court's own action from filing their written consents"). Thus, considering that no written notices were distributed in the instant case and that striking the consent forms could bar certain opt-in plaintiffs' claims from a statute of limitations perspective, the Court declines to strike the filed consent forms.

(RBC Order at 4-6). Then, in order to insure that the individuals with consent forms on the record are similarly situated to the named plaintiffs and fall within the conditionally certified class, Magistrate Judge Cosbey ordered the plaintiffs to timely file amended consent forms for each potential plaintiff who, at the time of the order, had a consent form on the record, using the consent form which has been approved by the court pursuant to the August 31, 2005 order. (RBC Order at 7).

In their present objection to Magistrate Judge Cosbey's order, the defendants simply argue that they believe Magistrate Judge Cosbey misinterpreted Woods, and that there should not be any distinction between written and oral communications. The defendants state that they have a "vital interest" in the joinder of additional party plaintiffs, and that they "seek to require the Plaintiffs to adhere to settled Seventh Circuit case law so that the Court can properly manage those that may potentially join this suit."  (Brief at 5).

Notably absent from the defendants' brief is any allegation at all that their "vital interest" has been harmed, undermined, or disadvantaged in any way.  In fact, in light of Magistrate Judge Cosbey's requirement that the plaintiffs file amended consent forms, it is difficult to see what the point is in the defendants' objection.  Moreover, according to the record in this case, the parties have, at least as of October 12, 2005, been using an agreed and approved "Notice to Putative Class Members".

Accordingly, as the issue of consents and notices has been correctly and equitably resolved by Magistrate Judge Cosbey in his October 4, 2005 order, the defendants' objections thereto will be denied.

## Conclusion

On the basis of the foregoing, the defendants' "Objection to Magistrate Judge's Order" is hereby DENIED.

Entered: October 17, 2005.

s/ William C. Lee
William C. Lee, Judge
United States District Court
