UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES THREATT, NATASHA THREATT, and JANET MILLER, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CAUSE NO. 1:05-CV-117 |
| RESIDENTIAL CRF, INC., and/or CRF FIRST CHOICE, INC., ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a Motion to File Written Consents of Earneshia Lapsley and Earnest Lapsley Instanter (Docket # 90) filed by potential plaintiffs Earneshia Lapsley and Earnest Lapsley (collectively, the "Lapsleys"), requesting that the Court grant them leave to file amended consent forms to opt-in to this action, even though the deadline for filing amended consent forms has passed. Because the Lapsleys' tardy filing constitutes excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure, the Court will GRANT their motion.

### PROCEDURAL BACKGROUND

On February 23, 2005, Plaintiffs James Threatt, Natasha Threatt, and Janet Miller filed a complaint in the Allen Superior Court "on behalf of themselves and others similarly situated," alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to properly pay them for overtime. (Compl. ¶ 1.) On March 31, 2005, Defendants removed the action to this Court. (Docket # 2.)

Before this suit was certified as a collective action, Plaintiffs filed consent forms of

individuals who desired to opt-in to this action as plaintiffs, including that of the Lapsleys on May 27, 2005. (*See* Docket # 33-35, 39, 41, 44, 50, 56.)  However, on August 29, 2005, Defendants moved to strike these consent forms. (Docket # 57.)

On August 31, 2005, Judge William C. Lee conditionally certified the suit as a collective action under the FLSA with respect to a class solely composed of the 12-7 Direct Care Staff employed in Defendants' Fort Wayne group homes during the time period beginning April 1, 2002, and ending December 31, 2003. (Docket # 58.)

On October 4, 2005, this Court denied Defendants' motion to strike the potential plaintiffs' consent forms, but did order Plaintiffs to cause all potential plaintiffs who had consent forms on record to file by November 30, 2005, a Court-approved, amended consent form, which would be deemed to relate back to the date the respective original consent form was filed. (Docket # 68, 70.)  The Court advised Plaintiffs in its Order that the consent form of any potential plaintiff who failed to file a Court-approved, amended consent form by the established deadline was "subject to being stricken." (Docket # 68 at 8.)

Nonetheless, the Lapsleys failed to file the Court-approved, amended consent forms by the November 30, 2005, deadline.  On February 22, 2006, however, they filed the instant motion, seeking leave to now file the proper forms, explaining that their failure to submit them by the deadline was an inadvertent error. (Docket # 90.)

**DISCUSSION**

The Lapsleys assert that on October 15, 2005, they each mailed a signed, amended (but not Court-approved) consent form back to their attorney, believing that they had done what was necessary to opt-in to this action. (*See* Aff. of Earneshia Lapsley ¶¶ 3, 4; Aff. of Earnest Lapsley

2

¶¶ 3, 4.)  However, their attorney, not having received the Court-approved, amended consent forms, did not file amended consent forms on their behalf prior to the November 30 deadline. (Mot. to File Written Consents of Earneshia Lapsley and Earnest Lapsley Instanter ¶ 4.) Apparently, on February 8, 2006, it was brought to their counsel's attention that the Lapsleys did want to opt-in and believed that they had done so, but somehow later learned they had "inadvertently mailed the incorrect form."[1] (*Id*.; Earneshia Lapsley Aff. ¶ 4; Earnest Lapsley Aff. ¶ 4.)  The Lapsleys' snafu resulted in their filing the instant motion, seeking leave to now file the proper consent forms to opt-in to this action.

     Rule 6(b) of the Federal Rules of Civil Procedure provides that an expired deadline can be extended in the case of "excusable neglect." Fed. R. Civ. P. 6(b).  Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394).  The relevant factors in this equitable determination include "the danger of prejudice to the defendant, the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted [with] good faith." *Id*. at 359 (quoting *Pioneer*, 507 U.S. at 395).

     Assessing the relevant factors surrounding the Lapsleys' omission, it is evident that excusable neglect occurred in this instance.  Clearly, Defendants will not be prejudiced if the

---

[1] The Lapsleys state that they received three variations of the consent forms from their attorney during the course of this litigation. (Earneshia Lapsley Aff. ¶ 4; Earnest Lapsley Aff. ¶ 4.)

amended consent forms are filed, since the Lapsleys' original consents are only "subject to being stricken" and are currently on record. (*See* Docket # 33.)  Likewise, even though the Lapsleys missed the deadline for filing their amended consent forms by more than two months, the judicial proceedings have not been negatively affected by their inadvertent delay.  Furthermore, there is no indication that the Lapsleys are not acting in good faith in seeking leave to file their amended consent forms, as their confusion with the forms is somewhat understandable, considering that they received three different versions from their counsel during the course of this litigation.

Moreover, looking at the landscape in which this action resides, Section 256(b) of the FLSA requires only that a "written consent [be] filed in the court in which the action was commenced." 29 U.S.C. § 256(b); *see also* 29 U.S.C. § 216(b).  Considering this broad language addressing consents in the FLSA, that the Lapsleys clearly desire to opt-in to this action and attempted in good faith to properly do so, and that the Court enjoys significant discretion in managing collective actions, *see Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009, 1012 (N.D. Ind. 2005), the scale tips in the Lapsleys' favor. *See generally Hoffman-LA Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 181 (1989) (declining to disturb district court's denial of defendant's request to invalidate consents that were obtained and filed without court approval); *Melendez Cintron v. Hershey P.R., Inc.*, 363 F. Supp. 2d 10, 17 (D.P.R. 2005) (emphasizing that "there are no specific requirements concerning the time when a notice of consent should be filed under Section 16(b) of the FLSA"); *Wertheim v. State of Arizona*, No. CIV 92-453 PHX RCB, 1993 WL 603552, at *8 (D. Ariz. Sep. 30, 1993) (refraining from striking consent forms based on technical defects when the forms "clearly indicate[d] consent by the opt-ins to join [the]

4

lawsuit"). Therefore, on the basis of excusable neglect under Rule 6(b), the Court will grant the Lapsleys leave to now file the Court-approved, amended consent forms, which will be deemed to relate back to the date their original consent forms were filed.

## CONCLUSION

Thus, for the foregoing reasons, the Motion to File Written Consents of Earneshia Lapsley and Earnest Lapsley Instanter (Docket # 90) is hereby GRANTED. Plaintiffs are directed to file the proper amended consent forms for the Lapsleys forthwith.

SO ORDERED.

Enter for this 28th day of February, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge